IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY JOHNSON and DARRYL MOORE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br>DIAKON LOGISTICS, WILLIAM C. JARNAGIN, JR., INNOVEL SOLUTIONS, INC. f/k/a SEARS LOGISTICS SERVICES, INC. and SEARS ROEBUCK AND CO.<br><br>                Defendants. | Case No. 16-cv-06776<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge M. David Weisman |

**Diakon Logistics' Reply to Plaintiffs' Response to
Defendant's Notice of Supplemental Authority**

Plaintiffs fail to appreciate the import of the application of *Patel* to the facts here. The reasoning in *Patel* recognizes that when a plaintiff's business entity contracts with a defendant, the plaintiff has an evidentiary burden to demonstrate: (i) that there was a separate agreement between plaintiff, individually, and defendant that demonstrated defendant intended to pay wages to plaintiff, individually, or (ii) that plaintiff's corporate entity was a sham and so the agreement was between plaintiff and defendant. *Patel v. 7-Eleven*, 2019 WL 3554438, at *4 (N.D. Ill. Aug. 5, 2018) ("If Patel believes—*and has facts to support*—that Shanti 11 is a sham corporation, or that he has an employment agreement with 7-Eleven distinct from Shanti 11's franchise agreement with 7-Eleven, then he should amend the complaint to reflect those allegations. (It is not at all clear that he can do this, but the possibility is there.) The bottom line is that Patel has failed to plead any agreement

to pay wages—formal or informal—between himself and 7-Eleven.")(emphasis added).

Here, Plaintiffs and the majority of the putative class members owned and operated distinct business entities. Dkt. 143 at 5-9. Those businesses—not the individual putative class members—contracted with Diakon to provide delivery services. *Id*. at 5-9, 13-15. Diakon paid those businesses, not the putative class members personally, for those services. *Id*.

As Diakon argued in its Opposition to Class Certification, the IWPCA does not provide a basis for business owners to disregard their company's existence, essentially choosing to benefit from the corporate form when convenient and casting it off for purposes of the IWPCA. Dkt. 143 at 14-15. But even if Diakon is wrong, Plaintiffs cannot escape *Patel's* logic, which would require evidence demonstrating why the Court should find (i) each putative class member's business entity is a sham or (ii) that an alternative agreement, different from the Service Agreement Diakon and the putative class member's business entity entered into, existed.

The testimony of putative class member Maurice Blanton—which Plaintiffs would like to ignore—proves the point. Blanton testified that he had extensive experience as a business owner in the last-mile delivery segment, personally decided to incorporate his business, that his business entity contracted with Diakon to provide delivery services, that he grew his business to 13 trucks and 40 employees, that his business earned gross revenue of $1,000,000 to $2,000,000 per year, that Diakon deposited all settlement checks into Blanton's business (MJCAT) account,

that his business entity paid him a salary, and that he received no compensation from Diakon. Dkt. 143 at 6, 14 (citing deposition testimony).[1]

Were this a single plaintiff case, there is no question but that putative class member Blanton would have to either (1) proffer a legal and evidentiary basis for disregarding his business's corporate form, or (2) demonstrate his IWPCA claim is predicated on a separate agreement from the Service Agreement his company, MJCAT, had with Diakon. Either way, Diakon would have the opportunity to challenge, through cross-examination and its own witnesses, Blanton's proffer. Rule 23 does not reduce Blanton or any other putative class member's burden to prove this nor deprive Diakon of the right to challenge. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 408 (2010). Certification is inappropriate when, as here, a court must analyze "the individual claims of the proposed class members." *Foday v. Air Check, Inc.*, 2017 WL 2672294, at * 4 (N.D. Ill. June 21, 2017).

---

[1] In light of these facts, Plaintiffs' assertion that they never "operated their own stores" or "any other business" flirts with misrepresentation.

Dated:  August 9, 2019                            Respectfully submitted,

        */s/ Charles Andrewscavage*
        Charles Andrewscavage
        candrewscavage@scopelitis.com
        Andrew J. Butcher
        abutcher@scopelitis.com
        SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
        30 West Monroe Street, Suite 600
        Chicago, IL 60603
        Telephone: 312-255-7172

        E. Ashley Paynter
        apaynter@scopelitis.com
        SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
        10 West Market Street, Suite 1400
        Indianapolis, IN 46204
        Telephone: (317) 637-1777

        *Counsel for Defendant Diakon Logistics*

4843-9268-0607, v. 6