IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY JOHNSON and DARRYL MOORE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>DIAKON LOGISTICS, WILLIAM C. JARNAGIN, JR., INNOVEL SOLUTIONS, INC. f/k/a SEARS LOGISTICS SERVICES, INC. and SEARS ROEBUCK AND CO.<br><br>      Defendants. | Case No. 1:16-cv-06776<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge M. David Weisman |

**WILLIAM JARNAGIN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................. 1

II. CONCLUSION ............................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Kowa Printing Corp.*,
    217 Ill. 2d ................................................................................................................. 2

*Cullotta v. United Surgical Partners Int'l*, Inc.,
    2021 WL 3367193 (N.D. Ill. 2021) ..................................................................................... 1

*Gibbs v. ABT Elecs., Inc.*,
    No. 21 CV 6277, 2022 WL 16540182 (N.D. Ill. Oct. 28, 2022) ................................ 1, 2, 3

*Jaroch v. Fla. Fruit Juices, Inc.*,
    No. 17 C 8518, 2020 WL 1288933 (N.D. Ill. Mar. 18, 2020) ........................................ 2, 3

*Liu v. T&H Machine, Inc.*,
    191 F.3d 790 (7th Cir. 1999) ............................................................................................ 1

*Zwick v. Inteliguent, Inc.*,
    83 F. Supp. 3d 804 (N.D. Ill. 2015) .............................................................................. 1, 2

Defendant William C. Jarnagin, Jr. (Jarnagin) respectfully submits this supplemental memorandum in support of his motion for summary judgment under this Court's October 20, 2022 Order, ECF No. 263.

## I. ARGUMENT

Since the parties completed briefing on Jarnagin's motion for summary judgment on October 15, 2020, courts in this district have continually affirmed that Section 13 of the IWPCA "reserves personal Wage Act liability for those individual decisionmakers who knowingly permitted the Wage Act violation" and have "interpreted 'knowingly permit' to mean advise, consent, affect, or consult." *Cullotta v. United Surgical Partners Int'l*, Inc., 2021 WL 3367193, at *9 (N.D. Ill. 2021) (cleaned up) (collecting cases). *Gibbs v. ABT Elecs., Inc.*, No. 21 CV 6277, 2022 WL 16540182, at *3 (N.D. Ill. Oct. 28, 2022). In other words, to "knowingly permit" under the IWPCA requires personal involvement in the decisions at issue; "[b]eing a 'decision maker,' without knowing permission of the alleged IWPCA violation, is not sufficient to state an IWPCA claim." *Id.* at *4.

Plaintiffs have not met their burden of producing evidence that establishes there is a genuine issue of material fact over whether Jarnagin "knowingly permitted" violations of the IWPCA. *Liu v. T&H Machine, Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to show a genuine issue of material fact."). Plaintiffs deposed five Diakon employees, including a corporate representative. Yet they have identified no evidence showing Jarnagin had *any* personal involvement or provided knowing permission in the decisions in Illinois that underlie Plaintiffs' claims here.

Instead, Plaintiffs mainly rely on *Zwick v. Inteliguent, Inc.,* 83 F. Supp. 3d 804, 811 (N.D. Ill. 2015) to argue that "that personal liability for a company's IWPCA violations applies when a corporate officer serves in a "decision-making capacity" with regard to the compensation of

workers." ECF No. 265-4 at 13-15. *Gibbs* is instructive as to why the Court should reject this argument.

Like Plaintiffs here, Gibbs alleged that the owner of Defendant Abt "possessed day-to-day authority over Plaintiff's and other employees' terms and conditions of employment, including without limitation the authority to hire and fire, make pay decisions, and otherwise control Gibbs' work condition." *Gibbs*, 2022 WL 16540182, at *4. Much like Plaintiffs here, Gibbs used the Court's reasoning in *Zwick* to argue that "any supervisor or 'decision maker' who was 'in a position to 'knowingly permit' the IWPCA violation would necessarily be an employer under the IWPCA, whether they actually 'knowingly permitted' the IWPCA violation or not." *Id.*

The Court rejected that argument and explained that Gibbs was "misconstrue[ing] what the court was saying in *Zwick*." *Id.* The Court explained that the approach Gibbs advocated (which mirrors the argument Plaintiffs make here) "is the exact approach rejected by the Illinois Supreme Court in *Andrews*, 217 Ill. 2d at 108–09." *Id.* Ultimately, the Court found that "[b]eing a 'decision maker,' without knowing permission of the alleged IWPCA violation, is not sufficient to state an IWPCA claim." *Id.* And because Plaintiffs did not allege that the individual defendant "was involved in an alleged decision to not compensate him for meal breaks,"—the factual basis underlying Gibbs' claim—the Court dismissed the complaint. *Id.*

The *Gibbs* decision is consistent the Court's grant of summary judgment on this issue in *Jaroch v. Fla. Fruit Juices, Inc.*, No. 17 C 8518, 2020 WL 1288933, at *1 (N.D. Ill. Mar. 18, 2020). In *Jaroch*, Defendant Donald Franko Sr. moved for summary judgment on Jaroch's claim that he should be help personally liable for IWPCA violations related to how Jaroch was paid. *Id.* Franko Sr. was the CEO and President of FFJ during the time plaintiff worked at the company. *Id.* Despite being in a management role, the Court granted Franko Sr. summary judgment because there was no evidence in the record that "Donald Franko, Sr. took part in any payroll decisions" or that "he knowingly permitted anyone to violate the statutory rules related to the payment of wages". *Id.*

2

This recent authority shows why the Court should grant Jarnagin's summary judgment motion. While Plaintiffs point to excerpts from Diakon's website, those excerpts do not reveal Jarnagin gave "knowing permission of the alleged IWPCA violation" here. Indeed, the website excerpts do not discuss Diakon's Illinois operations at all, let alone prove Jarnagin was involved in worker classification or Diakon's decision to make deductions from worker compensation. ECF No. 221-2.

Similarly, the fact that Jarnagin's signature appears on settlement checks does not amount to evidence of a "knowing permission of the alleged IWPCA violation." Plaintiffs do not contradict Jarnagin's testimony that "he has no direct responsibility for the classification of workers in Illinois and he has never been involved in setting policies related to settlement deductions or settlement check processing for any independent contractor drivers" or that "he does not review or personally sign settlement statements or the checks attached to settlement statements." ECF 213-6 at 3. That his name appears on the checks through his role as Chairman and CEO has no relevance to his knowledge of whether Diakon was violating the IWPCA for a given contractor.

Finally, that Jarnagin signed an agreement with Ethan Allen does not create a material question of fact about whether he was involved in or gave knowing permission of the conduct underlying alleged IWPCA violations here. First, Jarnagin signed this agreement in 2005, outside the relevant limitations period for Plaintiffs' claims. ECF No. 213-6, ¶ 11. Second, like the owner in *Gibbs*, that Jarnagin signed a contract in his capacity as CEO and chairman says nothing about whether he was actually involved in Diakon's Illinois operations or had any input into contractor pay or deductions taken from contracts in Illinois. Indeed, the terms of the Agreement Plaintiffs rely on touch on none of those topics. *See generally* ECF No. 221-1. Third, Plaintiffs do not rebut Jarnagin's sworn statement that the contract involved delivery services in Missouri when he signed it. The Court should grant his motion for summary judgment. *Gibbs*, 2022 WL 16540182, at *4; *Jaroch,* 2020 WL 1288933, at *5.

## II. CONCLUSION

For the reasons stated above, Jarnagin requests that the Court grant his motion for summary judgment.

Dated: November 14, 2022

Respectfully submitted,

*/s/Charles Andrewscavage*
Charles Andrewscavage
candrewscavage@scopelitis.com
Andrew J. Butcher
abutcher@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON
& FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Tel: 312-255-7172
Fax: 312-422-1224

E. Ashley Paynter
apaynter@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON
& FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel: 317-637-1777
Fax: 317-687-2414

*Counsel for Defendants Diakon Logistics
and William C. Jarnagin, Jr.*

4861-8516-9213, v. 1